UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DAVID REUBEN SMITH,

        Plaintiff,        Case No. 2:09-cv-239

v.        Honorable Gordon J. Quist

BARRY DAVIS,

        Defendant.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. **The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.** Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

    I.    Factual allegations

Plaintiff David Reuben Smith, an inmate at the Newberry Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Warden Barry Davis.

Plaintiff alleges in his complaint that on December 8, 2008, he slipped and fell in the "weight pit" while holding a dumbbell, due to the torn mat and icy, snow-covered floor. As a result, Plaintiff's middle finger was severed and two of his other fingers were broken. Plaintiff states that there was no caution sign and that no sand or salt had been sprinkled on the icy surface. Plaintiff seeks damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff appears to be asserting that Defendant's conduct violated the Eighth Amendment. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4).

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Plaintiff's action concerns facility safety. The Eighth Circuit has held that the intentional placement of a prisoner in dangerous surroundings can violate the Eighth Amendment, though mere negligence is not sufficient. *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991); *see also Lee v. Sikes*, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994) (applying Eighth Amendment to workplace safety); *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (indicating that it is questionable whether the Eighth Amendment applies to work-related prison injuries). Plaintiff's complaint must contain either direct or inferential allegations respecting all the

material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1987). A dismissal for failure to state a claim may not be countenanced upon a judge's disbelief of the factual allegations, and the Court regards Plaintiff's factual allegations as true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Even so, it is improper for the Court to assume that Plaintiff could prove facts not alleged in his complaint or to assume that Defendant has violated laws in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.), *cert. denied*, 519 U.S. 1007 (1996). Moreover, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid*, 859 F.2d at 437 (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976)). Plaintiff's factual allegations do not raise an inference that Defendant was deliberately indifferent to his safety.

Plaintiff's broad assertion that Defendant was "deliberately indifferent" does not support his conclusion; merely stating the "magic words" is not enough. *See Arnold*, 843 F. Supp. at 113 (despite use of phrase "deliberate indifference" in his pleadings, inmate failed to show that defendants possessed the requisite mental state). Rather, Plaintiff must support his conclusion with factual allegations.

The factual allegations in Plaintiff's complaint which pertain to the element of deliberate indifference are scant. Plaintiff merely states that there was no caution sign and that sand and salt had not been used to melt ice / snow on the floor of the weight pit. There is nothing in Plaintiff's allegations which supports an inference that Defendant was deliberately indifferent. The factual allegations in his complaint, at most, support only an inference of negligence. As stated,

mere negligence is insufficient to state a claim under the Eighth Amendment. Therefore, the Court will dismiss Plaintiff's complaint.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: December 29, 2009           /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE